UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DOUGLAS TOMLINSON, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:11-cv-05531-GBD |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : | |
| TRAVELZOO INC., et al., | : : | |
| Defendants. | : : | |
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:11-cv-06845-GBD |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : | |
| TRAVELZOO INC., et al., | : : | |
| Defendants. | : : | |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF STEAMFITTERS LOCAL 449 PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions"), brought on behalf of purchasers of the securities of Travelzoo Inc. ("Travelzoo" or the "Company") between April 21, 2011 and July 21, 2011, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4, *et seq.*) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Steamfitters Local 449 Pension Fund ("Steamfitters 449") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Steamfitters 449 as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Steamfitters 449's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

This motion is made on the grounds that Steamfitters 449 is the most adequate plaintiff, as defined by the PSLRA. Steamfitters 449 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Steamfitters 449 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Steamfitters 449 incurred a substantial $13,381.09 loss on its transactions in Travelzoo securities. *See* Alba Decl., Ex. B.[1] In addition, Steamfitters 449, for the

---

[1] References to the "Alba Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated October 11, 2011 and submitted herewith.

purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND[2]

Travelzoo, an Internet media company, publishes travel and entertainment offers from various travel and entertainment companies in North America and Europe.

The Actions charge Travelzoo and certain of its officers and directors with violations of the Exchange Act. The complaints allege that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's financial performance. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) that the Company's hiring and marketing costs were increasing due to, among other things, Travelzoo running a $2 million TV advertising test during the second quarter that negatively impacted earnings by about $0.07 per share; (b) that the Company's European newsletter business was performing below internal expectations; and (c) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On July 21, 2011, Travelzoo announced its financial results for the second quarter of 2011, the period ended June 30, 2011. For the quarter, the Company reported revenues of $37.6 million and net income of $4.9 million, or $0.30 per share – well below analysts' expectations. In reaction to the announcement, the price of Travelzoo securities fell $29.71 per share, or 35%, to close at $56.00 per share, on heavy trading volume. During the three-month Class Period, defendants Ralph Bartel, a founder of the Company, a director and a member of its compensation committee, and

---

[2]     These facts are drawn from the allegations in the action entitled *Steamfitters Local 449 Pension Fund v. Travelzoo Inc., et al.*, No. 1:11-cv-06845-GBD.

Christopher J. Loughlin, Travelzoo's Chief Executive Officer, along with another Company insider, collectively sold 2,458,158 shares of their personally held Travelzoo securities for gross proceeds in excess of $188.4 million.

## III.  ARGUMENT

### A.  The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of the purchasers of Travelzoo securities for alleged violations of the Exchange Act during similar time periods. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Travelzoo securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Travelzoo securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.  Steamfitters 449 Should Be Appointed Lead Plaintiff

#### 1.  The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the action entitled *Douglas Tomlinson v. Travelzoo Inc., et al.*, No. 1:11-cv-05531-GBD, caused the first notice regarding the pendency of

the Actions to be published on *Globe Newswire*, a national, business oriented newswire service, on August 10, 2011. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Foley v. Transocean*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

### 2. Steamfitters 449 Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Steamfitters 449 Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on October 11, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on August 10,

2011, Steamfitters 449 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Steamfitters 449 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. C. In addition, Steamfitters 449 has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Ex. D. Accordingly, Steamfitters 449 has satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

        **b.**        **Steamfitters 449 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Steamfitters 449, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

        **c.**        **Steamfitters 449 Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, its signed certification, Steamfitters 449 incurred a substantial $13,381.09 loss on its transactions in Travelzoo securities.

*See* Alba Decl., Ex. B.  Steamfitters 449 thus has a significant financial interest in this case.  Therefore, Steamfitters 449 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in the Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Steamfitters 449 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).  Steamfitters 449 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be

- 6 -

no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Steamfitters 449 satisfies this requirement because, just like all other class members, it: (1) purchased Travelzoo securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Steamfitters 449's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Steamfitters 449 to represent the class to the existence of any conflicts between the interest of Steamfitters 449 and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Steamfitters 449 is an adequate representative of the class. As evidenced by the injuries suffered by Steamfitters 449 and the class, the interests of Steamfitters 449 are clearly aligned with the members of the class, and there is no evidence of any antagonism between

Steamfitters 449's interests and those of the other members of the class.  Further, Steamfitters 449 has taken significant steps that demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Steamfitters 449's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Steamfitters 449 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Steamfitters 449's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, Steamfitters 449 has selected the law firm of Robbins Geller as Lead Counsel.  Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action.  *See* Alba Decl., Ex. D.  Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities. . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Steamfitters 449's selection of Lead Counsel.

### IV. CONCLUSION

For all the foregoing reasons, Steamfitters 449 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Steamfitters 449 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

| | |
|---|---|
| DATED: October 11, 2011 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD<br>MARIO ALBA JR. |

                                        */s/ Mario Alba Jr.*
                                        MARIO ALBA JR.

58 S Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
malba@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that, on October 11, 2011, I caused a true and correct copy of the attached:

> Notice of Motion of Steamfitters Local 449 Pension Fund for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel;

> Memorandum of Law in Support of the Motion of Steamfitters Local 449 Pension Fund for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and

> Declaration of Mario Alba Jr. in Support of the Motion of Steamfitters Local 449 Pension Fund for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                                                           */s/ Mario Alba Jr.*
                                                           Mario Alba Jr.