UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DOUGLAS TOMLINSON, Individually And On Behalf Of All Others Similarly Situated, | : : : : | Civil Action No. 1:11-cv-05531 (GBD) |
| Plaintiff, | : : : | |
| v. | : : : | |
| TRAVELZOO, INC., CHRISTOPHER J. LOUGHLIN, RALPH BARTEL and WAYNE LEE, | : : : : | |
| Defendants. | : : | |
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:11-cv-06845 (GBD) |
| Plaintiff, | : : | |
| v. | : : : | |
| TRAVELZOO, INC., CHRISTOPHER J. LOUGHLIN, RALPH BARTEL and WAYNE LEE, | : : : : | |
| Defendants. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
MICHAEL AND HOLLY ROBBINS FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

PAGE

Table of Authorities .............................................................................................. ii

I.   INTRODUCTION ........................................................................................ 1

II.  BACKGROUND ......................................................................................... 3

     A. Statement of Facts ............................................................................... 3

III. ARGUMENT ............................................................................................... 5

     A. This Court Should Consolidate the Related Actions ....................... 5

     B. Movants Should Be Appointed Lead Plaintiff ................................. 6

        1. Movants Believe That They Have the Largest Financial Interest ............................ 6

        2. Movants are Qualified Under Rule 23 ...................................................... 8

           a. Movants' Claims Are Typical of the Claims of the Class .................................. 9

           b. Movants Will Fairly and Adequately Represent ............................... 10

     C. This Court Should Approve Movants' Choice of Lead Counsel ................................. 11

IV. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page(s)**

*Albert Fadem Trust v. Citigroup, Inc.*,
   239 F. Supp. 2d 344 (S.D.N.Y. 2002)................................................................... 5, 8

*Baydale v. Am. Express Co.*,
   No. 09 Civ. 3016 (WHP), 2009 U.S. Dist. LEXIS 71668,
   at *4-5 (S.D.N.Y. Aug. 14, 2009) ......................................................................... 7, 9

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004)........................................................................... 5, 10

*In re Cendant Corp. Sec. Litig.*,
   109 F.Supp.2d 235 (D.N.J. 2000) ............................................................................ 11

*In re Citrix Sys. Inc. Sec. Litig.*,
   No. 00-6796-CIV (S.D. Fla.)..................................................................................... 11

*In re Daimler Chrysler Securities Litigation*,
   No. 00-993 (JJF, Jr.) (D. Del.) ................................................................................. 11

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993). ...................... 9

*In re HI/FN Inc. Sec. Litig.*,
   Master File No. C-99-4531-SI (N.D. Cal.) .............................................................. 11

*In re McKesson HBOC, Inc. Sec. Litig.*,
   126 F.Supp.2d 1248 (N.D. Cal. 2000) ..................................................................... 11

*In re Olsten Corp Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998)....................................................................... 5, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................. 9

*In re Parametric Tech. Corp. Sec. Litig.*,
   Civil Action No. 98-11328 GAO (D. Mass.) ........................................................... 11

*In re PeopleSoft, Inc. Sec. Litig.*,
   No. C99-00472 WHA, 2000 WL 1737936 (N.D. Cal. May 25, 2000).................... 11

*In re Samsonite Corp. Sec. Litig.*,
    Master File No. 98-K-1878 (D. Colo.).......................................................................... 11

*In re Smith Barney Transfer Agent Litig.*,
    No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at \*5 (S.D.N.Y. Apr. 17, 2006)....... 6

*In re Sunbeam Sec. Litig.*,
    2001 WL 454556 (S.D. Fla. Mar. 26, 2001) ......................................................... 11

*In re Symbol Techs., Inc. Sec. Litig.*,
    2006 U.S. Dist. LEXIS 24776, at \*6 (E.D.N.Y. April 26, 2006).................................. 9

*In re Theragenics Corp. Sec. Litig.*,
    137 F.Supp.2d 1339 (N.D. Ga. 2001) ................................................................. 11

*In re WorldCom, Inc. Sec. Litig.*
    219 F.R.D. 267 (S.D.N.Y. 2003).......................................................................... 10

*In re WorldCom, Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 22992, \*67-\*68, \*72-73 (S.D.N.Y. November 12, 2004)................... 12

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) .............................................................................. 5

*Lintz v. Agria Corp.*,
    08 Civ. 3536 (WHP), 08 Civ. 3886 (WHP), 08 Civ. 4456 (WHP),
    2008 U.S. Dist. LEXIS 99846, at \*4 (S.D.N.Y. Dec. 3, 2008).............................. 6, 7

*Madruga v. Pacificare Health Sys. Inc.*,
    No. SACV97-974 (C.D. Cal.) ............................................................................... 11

*Schlagel v. Learning Tree Int'l*,
    No. CV98-6384 ABC (Ex), 1999 WL 672306 (C.D. Cal. Feb. 23, 1999)............................ 11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004)............................................................................ 9

*Schlagel v. Learning Tree Int'l*,
    1999 WL 672306 (C.D. Cal. 1999) ....................................................................... 11

*Shafizadeh v. Amplidyne, Inc.*,
    Civil Action No. 99-4468 (MLC) (D.N.J.) ............................................................. 11

*Smith Barney*,
    2006 U.S. Dist. LEXIS 19728, at \*6............................................................... 7, 11

iii

*Smith v. Harmonic, Inc.*,
  No. C-00-2287 PJH (N.D. Cal.) ............................................................................ 11

*Stanley v. Safeskin Corporation*,
  Lead Case No. 99cv0454-BTM (S.D. Cal.) ............................................................ 11

*Wilkes v. Versant Object Tech. Inc.*,
  C-98-0299 (N.D. Cal.) .......................................................................................... 11

*Zishka v. American Pad & Paper Co.*,
  2000 WL 1310529 (N.D. Tex. 2000) .................................................................... 11

## Statutes

15 U.S.C. § 78u-4(a)(3) ............................................................................................ 2
15 U.S.C. § 78u-4(a)(3)(A) ....................................................................................... 2
15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................. 3, 11
15 U.S.C. § 78u-4(a)(3)(A)(i) .............................................................................. 2, 6
15 U.S.C. § 78u-4(a)(3)(B) ............................................................................... passim
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................ 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................. 8, 10
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................... 11

## Rules

Fed.R.Civ.Pro. 42(a) ................................................................................................ 5
Fed.R.Civ.Pro. 23(a) ................................................................................................ 8
Fed.R.Civ.Pro. 23(a)(4) .......................................................................................... 10

Michael and Holly Robbins ("Movants"), respectfully submit this memorandum of law in support of consolidation of the above-captioned actions and all other related securities law class actions pending against Travelzoo, Inc. ("Travelzoo" or the "Company") and certain others, appointment of Movants as lead plaintiff, and approval of their selection of counsel as lead counsel for the class.

## I.    <u>INTRODUCTION</u>

Movants, husband and wife, suffered a substantial loss as a result of their purchases of Travelzoo common stock during the period between April 21, 2011, and July 21, 2011, inclusive (the "Class Period"), the class period pleaded in the above-captioned matters.  Movants seek to represent in this securities class action all investors who purchased Travelzoo common stock during the Class Period, and who were damaged thereby as a result of the alleged misrepresentations and/or the failure to disclose material facts by defendants Travelzoo, Christopher Loughlin (Chief Executive Officer of the Company), Ralph Bartel (the founder and a director of the Company) and Wayne Lee (Chief Financial Officer of the Company during the Class Period).

Pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as added by the Private Securities Litigation Reform Act of 1995 ("PSLRA" or "Reform Act"), 15 U.S.C. §78u-4(a)(3)(B), Movants respectfully submit this memorandum of law in support of their motion for an Order:  (1) consolidating the above-captioned cases; (2) appointing Movants as lead plaintiff on behalf of purchasers of Travelzoo common stock during the Class Period; and (3) approving Movants' choice of the law firm Barrack, Rodos & Bacine as lead counsel for the class.

1

The complaints filed in this action allege violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder arising from the defendants' allegedly false or misleading statements about Travelzoo's business and operations, management, and the intrinsic value of Travelzoo common stock, including their failure to disclose material facts necessary to make such statements, in light of the circumstances in which they were made, not false or misleading.  In brief, the complaint alleges that the defendants issued false and misleading statements on April 21, 2011 concerning Travelzoo's prospects for growth, which caused the price of Travelzoo stock to jump that day more than $20 per share.  Shortly after issuing these statements, with knowledge that their statements were false or misleading, defendants Bartel and Loughlin sold substantial amounts of their Travelzoo common stock.  On July 21, 2011, the Company revealed that its growth prospects could not be sustained without higher than announced marketing and administrative expenses, given the increased competition and lower sales the Company was experiencing.  The false and misleading statements about the Company's growth prospects caused the prices of Travelzoo securities to be artificially inflated and enabled Travelzoo insiders to sell hundreds of millions of dollars of their privately held Travelzoo shares while in possession of material adverse non-public information about the Company during the Class Period.

Movants satisfy all of the PSLRA's requirements for appointment as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3).  This motion is being filed within sixty days of the publication of the first notice, as required by the statute.  15 U.S.C. §78u-4(a)(3)(A).[1]  Movants

---

[1]  As mandated by Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 10, 2011, counsel for plaintiff Douglas Tomlinson published a notice on *Business Wire* concerning the pendency of that proposed class action (the "Notice").  *See* Exhibit A to the accompanying Declaration of Daniel E. Bacine, dated October 11, 2011 (hereinafter "Bacine Decl.").  The Notice advised investors who purchased or otherwise acquired Travelzoo stock of the existence of a lawsuit and the nature of its allegations concerning defendants' statements, omissions and conduct and their effect in artificially inflating the price of Travelzoo stock.  The Notice further

believe that it has the largest financial interest in the outcome of the litigation, having sustained

losses on its purchases of Travelzoo stock during the Class Period of approximately $102,255 on

both a first-in, first-out ("FIFO") basis and a last-in, first-out ("LIFO") basis.[2]  In addition,

Movants qualify as the "most adequate plaintiff" to serve as lead plaintiff in this action because

they satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by

the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B).  Thus, the Court should appoint Movants as lead

plaintiff in this and any related securities class actions.  In addition, under 15 U.S.C. § 78u-

4(a)(3)(B)(v), the Court should approve Movants' selection of Barrack, Rodos & Bacine as lead

counsel to represent the class.

## II.   BACKGROUND

### A.   Statement of Facts[3]

On April 21, 2011, defendants published a press release announcing purported results for

the first quarter of 2011, the period ended March 31, 2011.  The Company boasted record

revenues and record adjusted operating income.  Specifically, the release announced revenue of

$37 million, up 30 percent year-over-year and adjusted operating profit of $10 million.  The

release also announced that the Company would be able to continue its growth plan.

Immediately following the publication of its April 21, 2011 release announcing these results,

shares of Travelzoo jumped nearly $20 per share, or almost 27 percent.  Shares of Travelzoo

continued to rally in the days following defendants' positive April 21, 2011 release.

advised potential class members of their right to move for appointment as lead plaintiff within 60 days of its publication.  Movants now timely move this Court to be appointed as the lead plaintiff for the consolidated actions.

[2]  Movants file herewith their certifications that, among other things, set forth their transactions in Travelzoo stock during the Class Period.  *See* Bacine Decl., Exs. B and C.

[3]  These facts are taken from the complaints filed in the above-captioned action.

Taking full advantage of the artificial inflation in the price of the Company's shares caused as a result of the publication of defendants' false and misleading statements in the April 21, 2011 release, between April 26 and 29, 2011, defendant Bartel sold over 625,000 shares of Travelzoo stock that he owned and/or controlled to realize over $55 million.  Similarly, defendant Loughlin sold over 12,000 shares of Travelzoo he owned on May 2, 2011, while in possession of material adverse non-disclosed information, to reap gross proceeds of over $1 million.  Shares of Travelzoo continued to trade at artificially high levels, inflated by the publication of defendants' materially false and misleading statements.

On May 10, 2011, defendants filed with the United States Securities and Exchange Commission the Company's Form 10-Q for the first quarter of 2011 ("1Q:11 Form 10-Q"), signed by defendant Lee and certified by defendants Lee and Loughlin.  The 1Q:11 Form 10-Q contained substantially similar statements concerning the Company's operations, including expenses, costs and ratios, as had been published in the April 21, 2011 press release. Additionally, the 1Q:11 Form 10-Q also contained representations that attested to the purported effectiveness and sufficiency of the Company's controls and procedures.  The accuracy and completeness of the 1Q:11 Form 10-Q was certified by defendants Lee and Loughlin.

On July 21, 2011, defendants revealed to investors, for the first time, that, contrary to their earlier statements, the Company was performing well below expectations, with cost and expenses well above plan and with revenues well below.  The revelation of the problems experienced by the Company as a result of defendants' knowing and reckless misstatements and omissions immediately caused the price of Travelzoo's common stock and other securities to decline dramatically, falling nearly $30 per share, more than 30 percent, in trading on the Nasdaq.  This caused substantial injury to Movants and other members of the proposed class.

4

## III.   ARGUMENT

### A.   This Court Should Consolidate the Related Actions

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions that pose common questions of law or fact.  *See* Fed.R.Civ.P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).  Judicial economy generally favors consolidation and requires the court to conduct a careful inquiry that balances the prejudice and possible confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings would engender.  *See Celotex*, 899 F.2d at 1285; *Albert Fadem Trust*, 239 F. Supp. 2d at 347.  Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district.  *See Celotex*, 899 F.2d at 1284-85.  Consolidation is generally ordered so long as any confusion or prejudice does not outweigh efficiency concerns.  *Id.*

It is also well recognized that consolidating shareholder class action suits often benefits *both* the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned.  *In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (providing that the court shall not make the lead plaintiff determination until it rules on whether to consolidate).

Consolidation is appropriate here.  Plaintiffs in the related actions have alleged that defendants failed to disclose and misrepresented material facts.  In each of the complaints, plaintiffs seek to hold similar defendants responsible for the consequences of their course of conduct and seek relief under claims arising under the federal securities laws.  Plaintiffs in each

of the cases share a mutual interest in having this Court resolve questions concerning whether defendants made material misstatements and/or omitted material facts, and whether the price of Travelzoo securities became artificially inflated as a result.

Because the actions pending before this Court present related factual and legal issues, consolidation is appropriate. *See Lintz v. Agria Corp.*, 08 Civ. 3536 (WHP), 08 Civ. 3886 (WHP), 08 Civ. 4456 (WHP), 2008 U.S. Dist. LEXIS 99846, at *4 (S.D.N.Y. Dec. 3, 2008).

### B.     Movants Should Be Appointed Lead Plaintiff

#### 1.     Movants Believe That They Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA sets forth the procedure for the selection of lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Section 21D(a)(3)(i)(A) provides that within twenty days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the Court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i); *see also In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 U.S. Dist. LEXIS 19728, at *5 (S.D.N.Y. Apr. 17, 2006).

Further, Section 21D(a)(3)(B) directs the Court to consider any motions by a plaintiff or purported class member to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice pursuant to Section 21D(a), or as soon as practicable

after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under these sections of the Exchange Act, the court is directed to adopt a presumption that the most adequate plaintiff is the applicant that:

> (aa)    has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Smith Barney*, 2006 U.S. Dist. LEXIS 19728, at *6.

Thus, the statutory language explicitly provides that the movant with "the largest financial interest" is presumptively entitled to appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  In determining which plaintiff has the greatest financial interest, this Court has considered the following four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See Baydale v. Am. Express Co.*, No. 09 Civ. 3016 (WHP), 2009 U.S. Dist. LEXIS 71668, at *4-5 (S.D.N.Y. Aug. 14, 2009); *See Lintz v. Agria Corp.*, 08 Civ. 3536 (WHP), 08 Civ. 3886 (WHP), 08 Civ. 4456 (WHP), 2008 U.S. Dist. LEXIS 99846, at *5.  In noting that the magnitude of the loss in the most significant factor, this Court has expressly adopted LIFO "as the proper accounting method for measuring losses."[4]  *Baydale*, 2009 U.S. Dist. LEXIS 71668, at *2 n.1, *4-5.

---

[4]  Under the LIFO method, gains and losses from securities transactions are computed by netting a movant's sales against purchases of the same type of security, starting with the most recent purchase prior to the sale and moving chronologically backward.

Under these factors, Movants believe that they have the largest financial interest in this litigation.  Movants purchased 19,994 shares of Travelzoo common stock during the Class Period.  As of the time of the revelations on July 21, 2011, Movants were net purchasers of 2,834 shares and had a net expenditure of $277,219.  They suffered a loss of $102,255 under both LIFO and FIFO.  *See* Bacine Decl., Ex. D.  Movants are not aware of any investors seeking appointment as the lead plaintiff with a larger Class Period loss.  As such, Movants believe that they have the largest financial interest of any lead plaintiff movant and are presumptively entitled to appointment as lead plaintiff.

### 2.      Movants are Qualified Under Rule 23

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Albert Fadem Trust v. Citigroup, Inc*., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the

court-appointed lead plaintiff moves for class certification. *See In re Symbol Techs., Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 24776, at *6 (E.D.N.Y. April 26, 2006); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a) and are qualified to be appointed as lead plaintiff.

<strong>a.   Movants' Claims Are Typical of the Claims of the Class</strong>

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993). The claims of the lead plaintiff need not, however, be identical to the claims of the class to satisfy typicality. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). Courts have recognized that typicality exists if claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Baydale*, 2009 U.S. Dist. LEXIS 71668, at *5 (citing *Drexel*, 960 F.2d at 291).

Movants purchased common shares of the Company during the Class Period and suffered damages as a result of defendants' fraudulent scheme, as did all of the other members of the class. Just like all other class members, Movants: (1) purchased or otherwise acquired Travelzoo securities during the applicable period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Movants and all class members therefore have identical, non-competing and non-conflicting interests in establishing defendants' liability.

### b. Movants Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class."  The PSLRA directs the Court to limit its inquiry regarding adequacy to: (1) whether there are any conflicts between the interests of the movant and the members of the class; (2) whether the movant is an adequate representative of the class; (3) whether the interests of the movant are aligned with the members of the class; and (4) whether there is evidence of any antagonism between the interests of the movant and the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Adequate representation will be found if the representative is represented by able and experienced counsel, and the representative has no fundamental conflicts of interest with the interests of the class as a whole.  *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004); *In re WorldCom, Inc. Sec. Litig.* 219 F.R.D. 267, 282 (S.D.N.Y. 2003).

Here, Movants' interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Movants and the class.  Movants share numerous common questions of law and fact with the members of the class in establishing defendants' liability and damages, and its claims are typical of the class.  Indeed, Movants' financial stake in the outcome of this litigation provides significant and compelling evidence that their interest in prosecuting this action are aligned with the interests of the class.  Additionally, Movants have retained competent and experienced counsel, who are able to conduct this complex litigation in a professional manner.  Thus, the close alignment of interests between Movants and the class, combined with Movants' strong desire to prosecute this action on behalf of the class, also militates in favor of granting the instant motion.

**C.      This Court Should Approve Movants' Choice of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Smith Barney*, 2006 U.S. Dist. LEXIS 19728, at *16.  Movants have selected and retained the law firm of Barrack, Rodos & Bacine to serve as lead counsel for the class in this action.

As illustrated by the firm's biography, Barrack, Rodos & Bacine has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including several cases in this District.  *See* Bacine Decl., Ex. E.  Barrack, Rodos & Bacine has been appointed as lead counsel in dozens of securities class actions, including more than 40 filed since passage of the PSLRA.[5]  Barrack, Rodos & Bacine served as co-lead counsel in the *In re Cendant Corp. Sec. Litig.*, 109 F.Supp.2d 235 (D.N.J. 2000), before the Honorable William H. Walls.  In *Cendant*, Barrack, Rodos & Bacine obtained settlements for defendants totaling more than $3.1 billion, one of the largest recoveries ever achieved in class action securities litigation.

Barrack, Rodos & Bacine also served as co-lead counsel in the *In re WorldCom, Inc. Securities Litigation*, in which settlements totaling over $6 billion (again, one of the largest

---

[5]  *See, e.g., In re DaimlerChrysler AG Sec. Litig.*, No. 00-993 (JJF, Jr.) (D. Del.); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.Supp.2d 1248 (N.D. Cal. 2000); *In re PeopleSoft, Inc. Sec. Litig.*, No. C99-00472 WHA, 2000 WL 1737936 (N.D. Cal. May 25, 2000); *Smith v. Harmonic, Inc.*, No. C-00-2287 PJH (N.D. Cal.); *In re HI/FN Inc. Sec. Litig.*, Master File No. C-99-4531-SI (N.D. Cal.); *Shafizadeh v. Amplidyne, Inc.*, Civil Action No. 99-4468 (MLC) (D.N.J.); *In re Parametric Tech. Corp. Sec. Litig.*, Civil Action No. 98-11328 GAO (D. Mass.); *In re Sunbeam Sec. Litig.*, 2001 WL 454556 (S.D. Fla. Mar. 26, 2001); *In re Citrix Sys. Inc. Sec. Litig.*, No. 00-6796-CIV (S.D. Fla.); *In re Theragenics Corp. Sec. Litig.*, 137 F.Supp. 2d 1339 (N.D. Ga. 2001); *Wilkes v. Versant Object Tech. Inc.*, C-98-0299 (N.D. Cal.); *Madruga v. Pacificare Health Sys. Inc.*, No. SACV97-974 (C.D. Cal.); *Schlagel v. Learning Tree Int'l*, No. CV98-6384 ABC (Ex), 1999 WL 672306 (C.D. Cal. Feb. 23, 1999); *In re Samsonite Corp. Sec. Litig.*, Master File No. 98-K-1878 (D. Colo.); *Zishka v. Am. Pad & Paper Co.*, 2000 WL 1310529 (N.D. Tex. Sept. 13, 2000); *Stanley v. Safeskin Corp.*, Lead Case No. 99cv0454-BTM (S.D. Cal.).

recoveries ever) were approved by the Honorable Denise Cote.  Judge Cote described the

services provided by Barrack, Rodos & Bacine as one of the lead counsel as follows:

> The quality of representation given by Lead Counsel is unsurpassed in this
> Court's experience with plaintiffs' counsel in securities litigation.  Lead
> Counsel has been energetic and creative.  Its skill has matched that of able and
> well-funded defense counsel.  It has behaved professionally and has taken care
> not to burden the Court or other parties with needless disputes.  Its negotiations
> with the Citigroup Defendants have resulted in a settlement of historic
> proportions.  It has cooperated with other counsel in ways that redound to the
> benefit of the class and those investors who have opted out of the class.  The
> submissions of Lead Counsel to the Court have been written with care and
> have repeatedly been of great assistance.
>
> In sum, the quality of representation that Lead Counsel has provided to the class has been
> superb .… Lead Counsel has performed a valuable public service in prosecuting this
> action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 22992, *67-*68, *72-73 (S.D.N.Y.

November 12, 2004).  Thus, there can be no question that Movants have selected counsel that is

highly qualified to vigorously prosecute the litigation.

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, Movants respectfully request that the Court:  (1)

consolidate the above-captioned actions; (2) appoint them as the lead plaintiff for the

consolidated actions; and (3) approve their selection of lead counsel.

Dated:  October 11, 2011                      Respectfully submitted,

**BARRACK, RODOS & BACINE**

By:   /s/ William J. Ban
      A. Arnold Gershon (AG-3809)
      Regina M. Calcaterra (RC-3858)
      William J. Ban (WB-0382)
      425 Park Avenue, 31st Floor
      New York, NY 10022
      Telephone: (212) 688-0782
      Facsimile:  (212) 688-0783

12

and

Daniel E. Bacine
Julie B. Palley
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile:  (212) 963-0838

*Attorneys for Michael and Holly Robbins*