UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS TOMLINSON, Individually And On Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>      vs.<br><br>TRAVELZOO INC., RALPH BARTEL, CHRISTOPHER J. LOUGHLIN, and WAYNE LEE,<br><br>                   Defendants. | Case: 11-CV-5531-GBD<br><br>CLASS ACTION |
| STEAMFITTER LOCAL 449 PENSION FUND, Individually And On Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>      vs.<br><br>TRAVELZOO INC., RALPH BARTEL, CHRISTOPHER J. LOUGHLIN, and WAYNE LEE,<br><br>                   Defendants. | Case: 11-CV-6845-GBD<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF MOTION OF TRAVELZOO INVESTORS GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

**PRELIMINARY STATEMENT**

Movants Ahmed Khamari, Rajeev Virmani, Nancy Heinrich, Joyce Gyenes, and Mary Bucaria, collectively the Travelzoo Investors Group ("TIG" or "Movant"), hereby move this Court for an order: (1) to consolidate various related securities class actions[1] filed against Travelzoo Inc. ("Travelzoo" or the "Company"), Ralph Bartel, Christopher Loughlin, and Wayne Lee (collectively "defendants"); (2) to be appointed Lead Plaintiff in this consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j and 78t), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78u-4) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); and (3) to approve their choice of Lead Counsel.

TIG fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action.  As described in Declaration of Kim E. Miller in Support of the Motion of Travelzoo Investors Group to Consolidate All Related Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Miller Decl.") at Exhibit A and Exhibit B, TIG have suffered substantial losses as a result of their purchases of Travelzoo securities from April 21, 2011 to July 20, 2011 inclusive (the "Class Period").  To the best of their knowledge, TIG have the largest financial interest in the outcome of this litigation of all movants seeking to be appointed Lead Plaintiff.

---

[1] The related securities class actions include *Tomlinson v. Travelzoo, Inc. et al*, 11-CV-5531-GBD (filed August 9, 2011) and *Steamfitters Local 449 Pension Fund  v. Travelzoo, Inc. et al*, 11-CV-6845-GBD (filed September 29, 2011) alleging Travelzoo, Inc. and other defendants violated the Securities and Exchange Act of 1934. Additionally, other actions have been filed in this Court alleging shareholder derivative claims against various Directors of Travelzoo, Inc.   Plaintiffs move this court to consolidate *only* the two actions alleging violations of the Securities Exchange Act of 1934.

In addition to evidencing the largest financial interest in the outcome of this litigation, TIG's Certifications demonstrate their intent to serve as Lead Plaintiff in this matter, including their cognizance of the duties of serving in that role.  *See* Miller Decl. at Exhibit A.  Moreover, TIG satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiff."

Accordingly, TIG respectfully submit this memorandum of law in support of their motion, pursuant to 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order:  (1) consolidating all related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing TIG as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (3) approving their selection of the law firm of Kahn Swick & Foti, LLC ("KSF"), as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Tomlinson v. Travelzoo, Inc. et al*, 11-CV-5531-GBD was filed August 9, 2011 in the Southern District of New York.  Proposed Lead Counsel here, KSF, is also counsel for plaintiff Tomlinson.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on August 10, 2011, the first notice that a class action had been initiated against defendants was published on *Globe NewsWire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than October 11, 2011.  *See* Miller Decl. at Exhibit C.  On September 29, 2011, a second lawsuit alleging Defendants violated the Exchange Act was filed: *Steamfitters Local 449 Pension Fund  v. Travelzoo, Inc. et al*, 11-CV-6845-GBD

TIG are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the August 2, 2011 Notice.

## STATEMENT OF FACTS[2]

Travelzoo is an Internet media company that publishes travel and entertainment offers from various travel and entertainment companies in North America and Europe. The Company's publications and products include the Travelzoo Web sites; and the Newsflash e-mail alert service. The Company's products also provide advertising opportunities for airlines, hotels, cruise lines, vacation packagers, and other travel and entertainment companies.

On April 21, 2011, the inception of the Class Period, defendants published a release announcing purported results for the first quarter of 2011. The release stated, in part:

- Travelzoo Inc., a global Internet media company, today announced financial results for the first quarter ended March 31, 2011, with revenue of $37.0 million, an increase of 30% year-over-year. Adjusted operating profit was $10.0 million. Adjusted net income was $6.0 million, with adjusted diluted net income per share (EPS) of $0.37, up from $0.15 in the prior-year period. Adjusted operating profit, adjusted net income and adjusted diluted earnings per share for the first quarter ended March 31, 2011 exclude a one-time expense item of $20.0 million related to the settlement of the State of Delaware unclaimed property review.

- "We kicked off 2011 with record revenues and record adjusted operating income. Subscribers grew by over 1 million, the second best performance in our company's history," said Chris Loughlin, CEO of Travelzoo. "We doubled adjusted operating income year-over-year as we continued to ramp up Local Deals, which are now live in 48 markets in 6 countries. North America revenues grew at the fastest pace in over 4 years. Europe saw the highest quarterly subscriber growth ever and returned its first significant quarterly profit. We also reached a settlement agreement for a previously disclosed State of Delaware escheatment claim, incurring a one-time cash expense."

On May 10, 2011, defendants filed with the SEC the Company's 1Q:11 Form 10-Q, for the quarter ended March 31, 2011, making substantially similar statements concerning the Company operations, including expenses, costs and ratios, as had been published previously in

---

[2] These facts were derived from the allegations contained in the Complaint from *Tomlinson v. Travelzoo, Inc. et al*, 11-CV-5531-GBD (filed August 9, 2011)).

3

the April 21, 2011 statement. The 1Q:11 Form 10-Q also contained representations which attested to the purported effectiveness and sufficiency of the Company's controls and procedures.

The statements made by defendants and contained in the Company's April 21, 2011 release and in the Company's 1Q:11 Form 10-Q were each materially false and misleading when made, and were known by defendants to be false or were recklessly disregarded as such thereby, for the following reasons, among others:

- the Company was not able to continue its growth plan without incurring higher then announced costs and expenses;

- the Company was not experiencing growth at its current rate and was experiencing increased competition and lower then expected sales in its business segments, which was reducing growth at Travelzoo;

- the Company was failing to properly disclose escalating marketing and administrative expenses that were having a negative impact on the Company's results of operations and financial condition;

- the Company did not have adequate systems of internal operational or financial controls, such that Travelzoo's reported financial statements were not true, accurate or reliable; and

- As a result of the aforementioned adverse conditions which defendants failed to disclose, throughout the Class Period, defendants lacked any reasonable basis to claim that Travelzoo was operating according to plan, or that Travelzoo could achieve guidance sponsored and/or endorsed by defendants.

On July 21, 2011, defendants revealed to investors, for the first time, that the Company was performing well below expectations, with costs and expenses well above plan and with revenues well below. Shares of the Company immediately collapsed, falling approximately $30.00 per share, or 30 percent, to $60.00 per share in morning trading on the Nasdaq, after touching a low of $57.48 per share. During the class period, the Company materially misled the

4

investing public, thereby inflating the value of the stock. The material misstatements resulted in Travelzoo Investors Group and other members of the Class purchasing the stock for inflated values, thus causing damages to TIG and other members of the Class when the truth was revealed and the price of the stock plummeted in value.

## ARGUMENT

### I.     THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (Fed. R. Civ. P. 42(a))[3] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Court have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of parties and witnesses for inquiries in multiple proceedings and minimizes the expenditure of time and money by all concerned persons. *See e.g., Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y 1997).

In this case, the related actions are perfectly suited for consolidation. The class actions contain very similar allegations charging the Company and the same defendants with making false and misleading statements, and omitting material information concerning the Company's business operations and financial strength during the relevant period. The Complaints allege the same Class Periods and the same defendants. The class actions also involve common legal issues and assert claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the S.E.C. Furthermore, consolidation is appropriate in securities cases where the complaints rely on the same public statements by defendants. *Glauser v. EVCI*

---

[3] Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court…it may order all the actions consolidated.

*Career Colleges Holding Corp.*, No. 05-cv-10240, 2006 WL 1302265, at *3 (S.D.N.Y. May 9, 2006) ("While district courts have 'broad discretion' in determining the propriety of consolidation, this Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same public statements and reports.") Accordingly, this Court should consolidate the related actions.

## II.   TIG SHOULD BE APPOINTED LEAD PLAINTIFF.

### A.   The Procedural Requirements of the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Through counsel KSF, Plaintiff Tomlinson, the name plaintiff in the first-filed action published a notice on *Globe NewsWire* on August 10, 2011. *See* Miller Decl. Exhibit C. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than October 11, 2011. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. §§ 78u-4(a)(3)(A-B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.

6

*See* 15 U.S.C. § 78u-4(a)(3)(B).  In determining who is the "most adequate plaintiff," the act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa)  has either filed the complaint or made a motion in response to a notice…
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. TIG is "The Most Adequate Plaintiff"

#### 1. TIG Have Complied With the PLSRA and Should Be Appointed Lead Plaintiff.

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§ 78u-4(a)(3)(A-B), expires on October 11, 2011.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (timely published on August 10, 2011), TIG timely move this Court for appointment as Lead Plaintiff on behalf of all members of the class.

Moreover, TIG have sustained a substantial loss from their investment in Travelzoo stock and have shown their willingness to represent the class by signing a Certification detailing their Travelzoo stock transaction information during the Class Period.  *See* Miller Decl. Exhibit A.  As demonstrated by their certifications, TIG is prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice.  In addition, TIG have selected and retained highly competent counsel with

significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KSF, is attached as Exhibit D to the Miller Declaration.

### 2. TIG Have the Largest Financial Interest.

During the Class Period, as evidenced by the accompanying signed certification, TIG purchased their Travelzoo shares in reliance upon the materially false and misleading statements issued by the defendants and were injured when the true facts were revealed to the marketplace, resulting in the drop in the price of the stock. *See* Miller Decl., Ex. A. In addition, Movant incurred a substantial loss on their transactions in Travelzoo securities as detailed in their Loss Chart. *See* Miller Decl. Exhibit B. To the best of their knowledge, TIG thus have the largest financial interest in the relief sought. Therefore, TIG satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. TIG Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two—typicality and adequacy— directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding

that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. at 106 ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, TIG satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

### i. TIG's Claims are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because TIG's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. TIG and all other Class Members (1) purchased Travelzoo shares during the Class Period, (2) purchased Travelzoo shares in reliance upon the allegedly materially false and misleading statements issued by defendants, and (3) purchased securities at artificially inflated prices and suffered harm when the truth was revealed and the inflation was removed from the stock price. Thus, TIG's claims are

typical of those of other class members since their claims and the claims of other class members resulted from the same wrongful conduct.

### ii. TIG Will Adequately Represent the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Movant to the existence of any conflicts between the interests of the Movant, on the one hand, and the members of the class, on the other hand. The standard for adequacy of representation under Rule 23(a)(4) is met by (1) the absence of potential conflicts between the named plaintiff and the other class members, and (2) the proposed class representative's choice of counsel can prosecute vigorously on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Here, TIG is an adequate representative of the class. As evidenced by the injuries suffered by TIG, who purchased Travelzoo stock at prices that were artificially inflated by defendants' materially false and misleading statements, the interests of TIG are clearly aligned with the interests of the other members of the class, and there is no evidence of any antagonism between TIG's interests and those of the other members of the class. Furthermore, TIG have retained competent and experienced counsel to prosecute these claims. Movant's proposed Lead Counsel, KSF, is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Thus, TIG *prima facie* satisfies the commonality, typicality, and adequacy requirements of Rule 23 for the purposes of this motion.

### III. THE COURT SHOULD APPROVE TIG'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. TIG have selected Kahn Swick & Foti, LLC as Lead Counsel, a firm that has substantial expertise and experience in the prosecution of shareholder and securities class actions in federal and state

courts across the country.  *See* Miller Decl. Exhibit D.  Thus, the Court may be assured that in granting this motion, the class will continue to receive legal representation of the highest caliber.

## CONCLUSION

For all of the foregoing reasons, TIG respectfully request that this Court: (1) consolidate all related actions, (2) appoint the TIG to serve as Lead Plaintiff in this consolidated action; (3) approve TIG's selection of KSF as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 11, 2011                                        Respectfully submitted,

KAHN SWICK & FOTI, LLC

   /s/  Kim E. Miller_____
Kim E. Miller (KM-6996)
500 5th Ave. Suite 1810
New York, NY 10110
Telephone:   (212) 696-3730
Facsimile:     (504) 455-1498

-and-

Lewis S. Kahn
206 Covington St.
Madisonville, LA 70447
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Lead Plaintiff Movant Travelzoo Investors Group and Proposed Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

  I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on October 11, 2011.

                 <u>/s/ Kim E. Miller</u>
                 Kim E. Miller