UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS TOMLINSON, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>TRAVELZOO, INC., RALPH BARTEL, CHRISTOPHER J. LOUGHLIN, and WAYNE LEE,<br><br>                              Defendants. | **CASE NO.: 1:11-cv-05531-GBD** |
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>TRAVELZOO, INC., RALPH BARTEL, CHRISTOPHER J. LOUGHLIN, and WAYNE LEE,<br><br>                              Defendants. | **CASE NO.: 1:11-cv-06845-GBD** |

**MEMORANDUM IN SUPPORT OF MICHELE MINNICK AND JAN FRASER'S MOTION TO CONSOLIDATE RELATED CASES, TO BE APPOINTED AS LEAD PLAINTIFFS, AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL**

45417v1

## PRELIMINARY STATEMENT

Presently pending before the Court are two securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the securities of Travelzoo, Inc. ("Travelzoo" or the "Company") during the period of April 21, 2011 and July 21, 2011, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against Defendants Travelzoo, as well as Ralph Bartel, Christopher J. Loughlin, and Wayne Lee (the "Individual Defendants").

Class members Michele Minnick and Jan Frazer, a mother and daughter ("Movants"), hereby move this Court, pursuant to Fed. R. Civ. P. 42 and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order: (a) consolidating related cases; (b) appointing Movants as lead plaintiffs in the Actions; and (c) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Movants lost approximately $899,191. Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

## STATEMENT OF FACTS

The complaint alleges that during the Class Period, Travelzoo and certain of its officers issued materially false and misleading statements regarding the Company's business and prospects. On July 21, 2011, defendants revealed that the Company was performing well below expectations, with revenues well below estimates, and expenses exceeding estimates. Upon this news, shares of Travelzoo stock plummeted more than 30 percent, from a closing price of $85.71 per share on July 20, 2011, to $56.00 the following day.

45417v1

## ARGUMENT

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id*.

**A.      The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff**

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc., Sec. Litig.*, No. 99-CV-1454, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *see also Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

The complaints filed in the Actions are substantially similar and arise from the same set of facts and conduct. As a result, the Court should consolidate the aforementioned cases, and any others filed subsequent to this motion. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving the Actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is

reasonable and warranted under Rule 42(a), especially given the common questions of law and fact presented by the related actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS

### A. The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person who is a member of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly

and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Actions.

### 1. Movants Are Willing To Serve As Class Representatives

On August 10, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Travelzoo and the Individual Defendants, and which advised putative class members that they had until October 11, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movants have reviewed one of the complaints filed in the Actions and have timely filed their motion pursuant to the Notice. In doing so, Movants have attached their certifications attesting to their willingness to serve as representative parties for the Class and provide testimony at deposition and trial, if necessary. *See* Seidman Decl. Ex. B. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movants Are The Most Adequate Lead Plaintiffs

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed. *See* 15 U.S.C. §

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. A.

78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member…of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movants believe their loss of $899,191 constitutes the largest financial interest in the outcome of the Actions.  As such, Movants are the most adequate lead plaintiffs and should be appointed as lead plaintiffs.  *See* Ex. C to Seidman Declaration.

### 3. Movants Meet The Requirements Of Rule 23 Of The F.R.C.P.

Equally important, Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA.  *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movants' certifications establish that they meet the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues.  *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise").  Rule 23 does not require that the named plaintiffs be identically situated with all class members.  It is enough if their situations share a common issue of law or fact.  *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997).  A finding of commonality frequently supports a finding of typicality.  *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d

317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge"). Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

> 1. whether Defendants violated the federal securities laws;
>
> 2. whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about Travelzoo;
>
> 3. whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and
>
> 4. whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the purported Class. Similar to all of the other members of the Class, Movants purchased shares of Travelzoo common stock at prices materially distorted as a result of Defendants' misrepresentations. Because Movants' claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126.

Further, Movants are uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiffs. Specifically, Movants will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

### III. MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, THE NATIONAL LAW JOURNAL has recognized Bernstein Liebhard for six consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in THE LEGAL 500, a guide to the best commercial law firms in the United States, for the past three years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European

settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending in this District before Judge Shira Scheindlin.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court:  (1) consolidate all related actions; (2) appoint Movants as lead plaintiffs for the Class in the Actions and any subsequently-filed, related actions; and (3) approve Bernstein Liebhard as lead counsel for the Class.

Dated:  October 11, 2011                Respectfully submitted,

/s/
_____
**BERNSTEIN LIEBHARD LLP**
Sandy A. Liebhard
Joseph R. Seidman, Jr.
10 E. 40th Street
New York, NY  10016
Telephone: 212.779.1414
Facsimile:  212.779.3218

*Counsel for Movant and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via ECF on October 11, 2011.

/s/
_____
JOSEPH R. SEIDMAN, JR.