KIRBY McINERNEY LLP
Ira M. Press
David A. Bishop
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Fax: (212) 751-2540
Email: ipress@kmllp.com

*Attorneys for Movant, the IUOE Local 30 Funds*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS TOMLINSON, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>     v.<br><br>TRAVELZOO INC., CHRISTOPHER J. LOUGHLIN, RALPH BARTEL and WAYNE LEE,<br><br>          Defendants. | Civil Action No.<br>1:11-CV-05531-GBD<br><br>CLASS ACTION |
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>     v.<br><br>TRAVELZOO INC., CHRISTOPHER J. LOUGHLIN, RALPH BARTEL and WAYNE LEE,<br><br>          Defendants. | Civil Action No.<br>1:11-CV-06845-GBD<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE IUOE LOCAL 30 FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ................................................................................................................1

FACTUAL BACKGROUND ................................................................................................2

ARGUMENT .......................................................................................................................3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................3

II.     THE IUOE LOCAL 30 FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF..........4

        A.      Legal Standards...............................................................................................4

        B.      The IUOE Local 30 Funds are Willing to Serve as Lead Plaintiff and Have
                Complied With the PSLRA ............................................................................5

        C.      The IUOE Local 30 Funds Have the Largest Financial Interest in the Relief
                Sought by the Class.........................................................................................6

        D.      The IUOE Local 30 Funds Satisfy the Requirements of Rule 23 of the Federal
                Rules of Civil Procedure .................................................................................6

                1.      The IUOE Local 30 Funds' Claims are Typical of Those of Other Class
                        Members ............................................................................................7

                2.      The IUOE Local 30 Funds Will Fairly and Adequately Represent the
                        Interests of the Class and are Not Subject to Unique Defenses..................9

                3.      The Local 338 Funds are an Ideal Lead Plaintiff......................................10

III.    THE IUOE LOCAL 30 FUNDS' SELECTION OF COUNSEL SHOULD BE
        APPROVED .........................................................................................................10

CONCLUSION...................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Gluck v. CellStar Corp.*,
   976 F.Supp. 542 (N.D. Tex.1997) ...................................................................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...........................................................................9

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir.1992)...................................................................7, 8, 9

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) .................................................2, 7, 8, 10

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ...........................................5, 7, 9, 10

*In re Initial Public Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y.2002) ...................................................................7

*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp. 2d 286 (E.D.N.Y. 1998) ...........................................................4, 7

*In re Oxford Health Plans*
   191 F.R.D. 369 (S.D.N.Y. 2000) ...................................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................7

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................7, 9,10

*Sakhrani v. Brightpoint*,
   78 F.Supp. 2d 845 (S.D. Ind.1999) ...........................................................10

*Sofran v. LaBranche & Co., Inc.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) ...................................................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007)...................................................................................2, 10

**Statutes**

15 U.S.C. § 78j(b) ...........................................................................................1, 2

15 U.S.C. § 78t(a) ...........................................................................................1, 2

15 U.S.C. § 78u-4 *et seq.* ........................................................................ *passim*

Fed. R. Civ. P. Rule 23 ........................................................................................6

Fed. R. Civ. P. Rule 42 ........................................................................................3

## INTRODUCTION

The International Union of Operating Engineers Local 30 Funds (the "IUOE Local 30 Funds" or "Movant") respectfully submit this memorandum of law in support of the Funds' motion (i) for an order pursuant to Fed. R. Civ. P. 42(a) consolidating the above-captioned actions; (ii) for the IUOE Local 30 Funds' appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* (the "PSLRA") as Lead Plaintiff in the above-captioned securities fraud class action; and (iii) for the Court's approval of the IUOE Local 30 Funds' selection of Lead Counsel for the proposed class.

The above-captioned proposed class actions allege violations by Travel Zoo Inc. ("Travel Zoo" or the "Company"), and certain of its officers, of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, on behalf of purchasers of Travel Zoo common stock.

The IUOE Local 30 Funds are members of the proposed class of purchasers of Travel Zoo securities between April 21, 2011 through July 20, 2011 (the "Class Period").[1]

This motion is made on the grounds that the Movant is the most adequate plaintiff, as defined by the PSLRA. The IUOE Local 30 Funds suffered significant losses from class period Travel Zoo investments – $43,341.48 under both FIFO and LIFO methodology.[2] The IUOE Local 30 Funds' claims are typical of those of other class members, and it is respectfully submitted that the IUOE Local 30 Funds will be an adequate representative of the class. The IUOE Local 30 Funds are precisely the type of institutional investors that Congress sought to

---

[1] *See* October 11, 2011 Affidavit of Ira M. Press ("Press Affidavit"), Ex. 1 for notice of class action filed by counsel for plaintiff Douglas Tomlinson.

[2] *See* Press Affidavit, Ex. 3 (tables reflecting the calculated losses incurred by the IUOE Local 30 Funds as a result of their class period Travel Zoo transactions).

summon and empower when it enacted the PSLRA. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320 (2007) (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 n. 23 (S.D.N.Y. 2005) (noting "fact that the PSLRA was designed to favor institutional investors" and citing cases).

## FACTUAL BACKGROUND

Currently, two related securities class actions have been filed on behalf of persons or entities who acquired Travel Zoo common stock during the Class Period against Travel Zoo and certain of its officers for violations of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a) (the "Actions"). The Actions allege that, throughout the Class Period, Travel Zoo maintained it would be able to continue its growth plan without incurring higher then announced costs and expenses, which was untrue due to, *inter alia*, Travel Zoo running an unsuccessful $2 million TV advertising test and increasing hiring costs. The actions also allege that, during the Class Period, the Company withheld that its European newsletter business was performing below internal expectations.

In addition to misrepresentation, both Actions allege that Company insiders sold substantial amounts of personally held Travel Zoo during the Class period. Defendant Ralph Bartel, founder of the Company and Director, during the Class period sold 2,436,518 personal shares, approximately 22.3% of his total holdings. (The Ralph Bartel 2005 Trust, Ralph Bartel's personal trust and another significant holder in the company, sold approximately 22.2% of their held shares during the Class Period.) Similarly, defendant Christopher J. Loughlin, Travel Zoo's Chief Executive Officer, sold 98.9% of his personal holdings over the Class Period.

Travel Zoo made a corrective disclosure at the end of the Class Period that culminated in a material stock price decline.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a)

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(B)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). Neither Rule 42 nor the PSLRA requires that actions be identical in order to be consolidated. *See Sofran v. LaBranche & Co., Inc.,* 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The above-captioned actions assert the same claims against the same defendants on behalf of the same putative class of investors during the same class period.

Thus, these Actions, and any related actions that are subsequently filed in this District or transferred to this District, should be consolidated.

## II.    THE IUOE LOCAL 30 FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     Legal Standards

The PSLRA, 15 U.S.C. §§ 78u-4(a)(3)(A) and 78u-4(a)(3)(B), sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.

First, the plaintiff who files the initial action must publish a notice to erstwhile class members within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B). [3]

Second, the PSLRA provides that the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B). In this regard, the PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the IUOE Local 30 Funds are believed to have the largest financial interest in the relief sought in this action among any otherwise qualified lead plaintiff applicants who have filed complaints or have filed timely motions for lead plaintiff appointment – in excess

---

[3]     The IUOE Local 30 Funds motion for appointment as Lead Plaintiff is being filed 62 days after the publication of the notice, pursuant to Fed. R. Civ. P. 6(a)(1)(C), because 60 days after the notice date is a Sunday and the subsequent day is a legal holiday, Columbus Day.

of $43,000.00 (Press Affidavit, Ex. 3). As such, the IUOE Local 30 Funds are entitled to the presumption that they are the most adequate plaintiff.

Nor, as set forth below, is that presumption rebutted here. The IUOE Local 30 Funds are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class, and the IUOE Local 30 Funds' claims are typical of those of the Class.

Accordingly, the IUOE Local 30 Funds are presumptively the most adequate Lead Plaintiff and should be appointed Lead Plaintiff for the Class.

**B.      The IUOE Local 30 Funds are Willing to Serve as Lead Plaintiff and Have Complied With the PSLRA**

On August 10, 2011, counsel for plaintiff in the above-captioned Douglas Tomlinson action caused notice to be published in Globe Newswire, a national, business-oriented newswire service, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of Travel Zoo securities that they had 60 days to file a motion to be appointed as Lead Plaintiff - being October 11, 2011 with the legal holiday. *See* Press Affidavit, Ex. 1 and *supra* at 4 n.3.

The IUOE Local 30 Funds have timely filed the instant motion pursuant to published notice, and submit herewith their sworn certification attesting that they are willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Affidavit, Ex. 2 (IUOE Local 30 Funds' certification). The IUOE Local 30 Funds therefore satisfy the requirement of making a timely motion in response to a published notice.

**C.      The IUOE Local 30 Funds Have the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought

by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437- 439 (S.D.N.Y. 2008) ("the movant who has the largest financial interest and satisfies the requirements of Rule 23(a) at the time the motions are made is the presumptive lead plaintiff").

Here, the IUOE Local 30 Funds purchased a total of 1,200 shares of Travel Zoo during the Class Period and their total expenditure was $88,610. No sales occurred during the class period, making the net shares purchased 1,200. The IUOE Local 30 Funds have suffered losses of $43,341.48 (using FIFO and LIFO methodology). *See* Press Affidavit, Ex. 3.

The IUOE Local 30 Funds believe that they currently have the largest known financial interest in this case of any qualified named plaintiff or movant, and thus satisfy the largest financial interest requirement to be appointed as Lead Plaintiff for the Class

**D.     The IUOE Local 30 Funds Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, courts limit their inquiry to the typicality

and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead

plaintiff moves for class certification.[4]

> ### 1. The IUOE Local 30 Funds' Claims are Typical of Those of Other Class Members

The "typicality" requirement is "satisfied if 'each class member's claim arises from the

same course of events, and each class member makes similar legal arguments to prove the

defendant's liability.'" *In re Fuwei Films*, 247 F.R.D. at 436, *citing In re eSpeed Burnham

Lambert Group, Inc*., 960 F.2d 285, 291 (2d Cir.1992); *see also*, *In re eSpeed*, 232 F.R.D. at 102

(typicality satisfied "where the claims arise from the same conduct from which the other class

members' claims and injuries arise") (quoting *In re Initial Public Olsten Corp*., 214 F.R.D. 117,

121 (S.D.N.Y.2002)).

Here, the IUOE Local 30 Funds' claims are typical of the claims asserted by the Class.

IUOE Local 30 Funds, like all members of the Class, allege that defendants violated the

Exchange Act by publicly disseminating a series of false and misleading statements concerning

Travel Zoo's operations and performance. The IUOE Local 30 Funds share substantially the

same questions of law and fact with other purchasers of Travel Zoo securities, such as, whether

defendants violated the Exchange Act by publicly disseminating a series of false and misleading

statements concealing from investors that Travel Zoo was unable to maintain its stated growth

and that the Company's European newsletter business was performing below internal

expectations.  The IUOE Local 30 Funds, like all of the members of the Class, acquired Travel

---

[4]      *Kaplan,* 240 F.R.D. at 94 ("As this Court has previously noted, typicality and
adequacy of representation are the only provisions [of Rule 23] relevant to the determination of
lead plaintiff under the PSLRA.") (citations omitted); *In re Fuwei Films*, 247 F.R.D. at 436; *In re
Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 49 (S.D.N.Y. 1998). Further, "at this stage
of litigation, only a preliminary showing of typicality and adequacy is required". *Kaplan*, 240
F.R.D. at 94; *In re eSpeed*, 232 F.R.D. at 102; *In re Initial Public Offering Sec. Litig*., 214 F.R.D.
117, 121 (S.D.N.Y.2002); *In re Olsten Corp. Sec. Litig*., 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998).

Zoo securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. *See, e.g., In re eSpeed*, 232 F.R.D. at 102 ("Members of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price; [lead plaintiff movant] makes the same claim. [Lead plaintiff movant] therefore meets the Rule 23 typicality requirement for the purpose of the lead plaintiff inquiry"). All other persons and entities who acquired Travel Zoo securities during the Class Period overpaid as a result of the same misconduct that caused the IUOE Local 30 Funds' injury. *See, e.g.*, *In re Drexel*, 960 F.2d at 291; *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions").

In short, the interests of the IUOE Local 30 Funds are closely aligned with the interests of other Class members, and therefore the IUOE Local 30 Funds are typical of the other members of the Class.

2.   **The IUOE Local 30 Funds Will Fairly and Adequately Represent the Interests of the Class and are Not Subject to Unique Defenses**

The presumption in favor of appointing the IUOE Local 30 Funds as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified, experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re Drexel*, 960 F.2d at 291. *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy"); *In re Fuwei Films*, 247 F.R.D. at 436 (same).

The IUOE Local 30 Funds sustained significant losses from their investments in Travel Zoo securities and are therefore extremely motivated to pursue the claims in this action, and have also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims (*see* Section II, *infra* and Press Affidavit Ex. 4).

The IUOE Local 30 Funds are not aware of any unique defenses defendants could raise against the Funds that would render the Funds inadequate to represent other purchasers of Travel Zoo securities.

### 3.    The IUOE Local 30 Funds are an Ideal Lead Plaintiff

IUOE Local 30 Funds are institutional investors with vast resources to adequately litigate this action and supervise class counsel. The Funds are Pension Funds. As such, they are exactly the sort of lead plaintiff envisioned by the PSLRA.[5]

---

[5]    *See, e.g., Tellabs,* 551 U.S. at 320 (noting that in the PSLRA "Congress prescribed new procedures for the appointment of lead plaintiffs... aimed to increase the likelihood that institutional investors... would serve as lead plaintiffs"); *accord, In re eSpeed*, 232 F.R.D. at 99 n. 23 (noting "fact that the PSLRA was designed to favor institutional investors"; citing cases); *In re Cendant Corp. Litig*., 264 F.3d 201, 264 (3d Cir. 2001) (noting that explicit

## III.  THE IUOE LOCAL 30 FUNDS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan*, 240 F.R.D. at 96; *In re Fuwei Films*, 247 F.R.D. at 439-440.

In the present case, the IUOE Local 30 Funds have retained the law firm of Kirby McInerney LLP to pursue this litigation on its behalf as Lead Counsel in the event it is appointed Lead Plaintiff. Kirby McInerney possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Press Affidavit as Exhibit 4. As a result of their extensive experience in litigation involving issues similar to those raised in this action, the IUOE Local 30 Funds' proposed counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.

Thus, the Court may be assured that, by granting the IUOE Local 30 Funds' motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the IUOE Local 30 Funds respectfully ask the Court to grant the IUOE Local 30 Funds' motion and enter an Order (a) consolidating the above-captioned cases (b) appointing the IUOE Local 30 Funds as Lead Plaintiff, and (c) approving IUOE Local

---

intent behind PSLRA was to encourage large institutional investors to serve as lead plaintiffs); *Sakhrani v. Brightpoint*, 78 F.Supp. 2d 845, 850 (S.D. Ind.1999) ("The PSLRA was enacted with the explicit hope that institutional investors ... would step forward to represent the class and exercise effective management and supervision of the class lawyers"); *Gluck v. CellStar Corp*., 976 F.Supp. 542, 548 (N.D. Tex.1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.").

30 Funds' selection of Kirby McInerney LLP as Lead Counsel, and (d) granting such other relief as the Court may deem just and proper.

Dated:         October 11, 2011               **KIRBY McINERNEY LLP**

                                   By:      ___/s/ Ira M. Press_____

                                          Ira M. Press
                                          David A. Bishop
                                          825 Third Avenue, 16th Floor
                                          New York, NY 10022
                                          Tel: (212) 371-6600
                                          Fax: (212) 751-2540
                                          Email: ipress@kmllp.com
                                          *Attorneys for Movant and Proposed Lead Plaintiff,*
                                          *the IUOE Local 30 Funds*